**FILED**

FEB 28 2018

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STANLEY HOUSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 18-0196 (UNA) |
| | ) |
| VENDORS OF OHIO, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint. The application will be granted, and the complaint will be dismissed.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The complaint is barely legible, and otherwise consists of incoherent statements and disjointed phrases. As drafted, the complaint utterly fails to comply with Rule 8(a) and therefore it will be dismissed. An Order consistent with this Memorandum Opinion is issued separately.

DATE: 2/28/18

_____
United States District Judge